UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
RASHEEM JACKSON,

                        Petitioner,          06 Civ. 4368 (RPP)
                                                   02 Cr. 351 (RPP)

        - against -                          OPINION AND ORDER

UNITED STATES OF AMERICA,

                        Respondent.
------------------------------------------------------------X

ROBERT P. PATTERSON, JR., U.S.D.J.

Rasheem Jackson ("Petitioner") brings this petition, pursuant to 28 U.S.C. § 2255, to vacate, set aside, or correct his sentence on the ground that he received ineffective assistance of counsel from his appellate attorney, Mary Anne Wirth. For the following reasons, the petition is denied.

## BACKGROUND

On September 30, 2002, Jackson pled guilty to two counts of narcotics trafficking in violation of 21 U.S.C. §§ 812, 841(a)(1), 841(b)(1)(c), and 846. Jackson entered his plea pursuant to a written plea agreement made with the United States Attorney's Office. In the agreement, Petitioner agreed that "neither a downward nor upward departure from the [s]entencing range [of 151-188 months] is warranted." (Plea Agreement, dated September 30, 2002 ("Plea") at 3.) However, the agreement did reserve Jackson's right to advance arguments at sentencing with respect to his Criminal History Category under the Guidelines and to seek what is known as a "horizontal departure." (Government's Opposition to Defendant Rasheem Jackson's Petition Pursuant to 28 U.S.C. §2255

("Gov't Opp.") at 3 n.1.)  Petitioner also agreed not to appeal or collaterally attack any sentence within or below the range of 151 to 188 months.  (Plea at 5.)

Prior to sentencing, the parties briefed the issue of whether Jackson was eligible for a horizontal departure.  Defendant's counsel, Elizabeth Macedonio, argued that Petitioner's Criminal History Category ("CHC") of VI overstated the seriousness of his prior crimes and cited to United States v. Mishoe, 241 F.3d 214 (2d Cir. 2001).  (Letter from Elizabeth Macedonio, dated January 8, 2002 at 3.)  In Mishoe, the Second Circuit held that, under United States Sentencing Guidelines ("USSG") § 4A1.3, a court could depart from CHC VI based on "an individualized consideration of factors relevant to an assessment of whether CHC VI 'significantly over-represents the seriousness of [the] defendant's criminal history or the likelihood that the defendant will commit further crimes.'"  Id. at 219 (quoting USSG § 4A1.3).  Referring specifically, to an offense involving sale of drugs, the opinion set forth a list of factors that might impact a court's decision to depart including, "the amount of drugs involved in [a defendant's] prior offenses, his role in those offenses, the sentences previously imposed, and the amount of time previously served compared to the sentencing range called for by placement in CHC VI."  Id.  The Government opposed Jackson's application for a horizontal departure.  It contended that, given Petitioner's repeated serious felony convictions, Mishoe was inapposite and the Criminal History points were properly calculated. (See Gov't Opp. at 4.)

On January 22, 2003, at the sentencing hearing, the Court stated that the defendant in Mishoe was in a similar situation to Petitioner because "he qualified for VI both because of his prior state court convictions and also because he had in his case two

2

prior narcotics convictions qualifying him as a career offender." (Transcript, dated January 22, 2003 ("1/22 Tr.") at 20.) The Court also noted, after reading the pertinent parts of <u>Mishoe</u>, aloud, that it needed to "look at the defendant's situation again" to see if it could depart. Upon reconsideration of Petitioner's prior record and the amount of prison time he had served for his prior offenses, however, the Court decided that <u>Mishoe</u> did not provide grounds for departure in the instant case, saying, "Mr. Jackson, I think that you made a very good statement and intend to turn yourself around at this point, but I don't think under the <u>Mishoe</u> case I can depart in the light of criminal history category, the crimes committed and the crimes for which you are charged here." (<u>Id.</u> at 25.) The Court proceeded to sentence Jackson to 151 months' imprisonment to be followed by three years of supervised release, and charged him with a special assessment of $200. (<u>Id.</u>)

      On June 23, 2003 Mary Anne Wirth, Esq. was appointed to represent Petitioner on direct appeal. On January 6, 2004, she filed a motion in the Second Circuit to be relieved as Petitioner's attorney, as well as an <u>Anders</u> Brief. In her brief, she asserted that there were no non-frivolous issues for the Court's review. (<u>Anders</u> Brief, dated January 26, 2004 at 18.) Wirth concluded that there were "no appealable issues arising out of Jackson's sentence." (<u>Id.</u>) Wirth found no merit in Jackson's claim that this Court failed to recognize its ability to grant a horizontal departure under the Federal Sentencing Guidelines: "Judge Patterson recognized his authority to grant a horizontal departure from criminal history category VI, [and] his decision not to do so is not reviewable on appeal." (<u>Id.</u> at 27.)

On July 20, 2004, Petitioner's conviction was summarily affirmed and Wirth's motion to be relieved as counsel was granted by a Second Circuit panel.  See United States v. Jackson, No. 03-112 (2d Cir. July 20, 2004) (summary affirmance of conviction and order granting motion to be relieved as counsel).  Petitioner filed a Motion for Rehearing/Rehearing En Banc on August 4, 2004.  This motion was denied without prejudice, as a motion for rehearing in light of Blakley v. Washington, 542 U.S. 296 (2004).  The motion was renewed on January 25, 2005.  On May 5, 2005, Petitioner's motion was dismissed because "the waiver of the right to appeal a sentence contained in a valid plea agreement is enforceable against appeals premised on Booker."  United States v. Jackson, No. 03-1132 (2d Cir. May 5, 2005) (order reinstating July 24, 2004 summary affirmance).

On June 9, 2006, Petitioner filed a petition with this Court, pursuant to 28 U.S.C. § 2255, to vacate, set aside, or correct his sentence.  The Government submitted its Opposition on August 31, 2006.  Petitioner submitted his Reply on October 11, 2006.

## DISCUSSION

The Petition is denied both because Petitioner waived his right to post-conviction litigation under 28 U.S.C. § 2255 in his plea agreement and because his claim of ineffective assistance of counsel fails on its merits.

### A.     Petitioner Waived the Right to File a § 2255 Motion.

Petitioner foreclosed his right to file this motion when he signed his plea agreement with the government.  His plea explicitly stated that he would not "file a direct appeal, nor litigate under Title 28, United States Code, Section 2255 and/or Section 2241, any sentence within or below the stipulated Guidelines sentencing range of 151-188

4

months." (Plea at 5.)  At the plea hearing Petitioner stated that he had never been treated for a mental illness, and that he had not used any drug, medication or alcoholic beverage of any kind within the last two days.  (See Transcript, dated September 30, 2002 ("9/22 Tr." at 3.)  Then the Court ensured that Petitioner understood the meaning of the appeal waiver:

> THE COURT:  Do you understand that in this plea agreement, there is a limitation on that right to appeal, and that is that if the sentence is within the stipulated guideline range of 151 to 188 months, that you will not appeal the sentence of the court?
>
> THE [PETITIONER]:  Yes, your Honor.
>
> THE COURT:  [D]o you understand you have also given up your right to litigate after your conviction the validity of your conviction and the sentence that you receive?
>
> THE [PETITIONER]: Yes, your Honor. . . .
>
> THE COURT: Do you understand that by entering a plea of guilty  . . . you will have . . . waived or given up . . . the . . . rights I have just described to you?
>
> THE [PETITIONER]: Yes, your Honor.

(Id. at 7, 9.)  Petitioner does not contend, nor is there any evidence, that his guilty plea was involuntary, or that he did not understand the rights explained to him by the Court.

The Second Circuit is clear that a valid plea waiver is enforceable:  "[A] defendant, who has secured the benefits of a plea agreement and knowingly and voluntarily waived the right to appeal a certain sentence, [may not] then appeal the merits of a sentence conforming to the agreement." United States v. Salcido-Contreras, 990 F.2d 51, 53 (2d Cir. 1993).  This holding applies regardless of the impact that Booker v. United States, 543 U.S. 220 (2005), decided in January, 2005, might have had on a Defendant's sentence.  See United States v. Morgan, 406 F.3d 135, 137 (2d Cir. 2005)

5

("[W]e now hold that, for a defendant such as Morgan who seeks relief from his sentence but did not in a timely fashion seek relief from the underlying plea, an appeal waiver is enforceable and forecloses the right to appeal under *Booker/Fanfan*.").

An appeal waiver may be unenforceable where a petitioner claims ineffective assistance of counsel in connection with the plea agreement itself. See United States v. Monzon, 359 F.3d 110, 119 (2d Cir. 2004) ("[An] appeal waiver would be unenforceable if the record of the criminal proceeding revealed that the claim that the waiver was the result of ineffective assistance of counsel was meritorious."). However, the waiver is enforceable, when, as here, an ineffective assistance claim is based on events occurring after the knowing and voluntary waiver was made. See e.g. Muniz v. United States, 360 F.Supp.2d 574, 577 (S.D.N.Y. 2005) ("An enforceable waiver bars claims that arose after . . . the agreement was signed.").

Petitioner agreed not to attack collaterally any sentence within the range of 151-188 months. He does not claim that his plea itself was the product of ineffective assistance of counsel. Therefore, his appeal waiver is enforceable and his current motion is barred.

**B.      Petitioner's Claim of Ineffective Assistance of Counsel Fails on its Merits.**

Even if Petitioner had not waived his right to litigate under § 2255, his claim that his appellate counsel was ineffective fails a merits analysis.

Petitioner claims that his appellate counsel, Mary Ann Wirth, was ineffective for filing an Anders Brief, asserting there were no meritorious issues for review on appeal. Specifically, Petitioner claims that "the record reflects that the Court did not recognize its power and authority to depart" under Mishoe. (Movant's Reply to Government's

Response, dated October 11, 2006 at 5.)  He claims that had Ms. Wirth appealed this error, the Second Circuit would have overturned his sentence.  Furthermore, he argues that upon resentencing, the Court would have been able to sentence him to a non-guidelines sentence under Booker.  (Id. at 6-7.)

Ineffective assistance claims are analyzed under the standard set forth in Strickland v. Washington, 466 U.S. 668 (1984).  Thus, Petitioner must establish both (1) that "counsel's representation fell below an objective standard of reasonableness .... under prevailing professional norms," id. at 688, and (2) "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  Id. at 694.

Ms. Wirth's decision to file an Anders Brief was reasonable, and her treatment of this Court's consideration of Mishoe was factually and legally correct.  "In order to be relieved pursuant to *Anders v. California,* 386 U.S. 738 (1967), an appellant's counsel must conscientiously examine the case, identifying any issues that could arguably be raised on appeal."  United States v. Torres, 129 F.3d 710, 717 (2d Cir. 1997).  In the brief, counsel must set forth all arguments that "arguably support the appeal."  Anders, 386 U.S. at 744.  Ms. Wirth filed a detailed brief, discussing Petitioner's plea agreement, as well as his sentencing hearing.  She addressed the Court's treatment of Mishoe, and came to the conclusion that while the Court recognized its authority to depart, it decided not to.  Thus, she concluded that Petitioner's sentence was unreviewable.

Upon reviewing the record, it is clear that Ms. Wirth properly characterized the Court's decision not to depart.  Though Petitioner is correct that a sentence may be reviewed "when a sentencing court misapprehended the scope of its authority to depart,"

7

United States v. Valdez, 426 F.3d 178, 184 (2d Cir. 2005), that is not what happened in this case. The Court recognized its authority to depart, but decided that, in view of the number of convictions against, and lengthy prison terms already served by Petitioner, a departure was unwarranted. Thus, Ms. Wirth's contention that the sentence imposed was unreviewable on appeal was not only reasonable but also correct.

Since Petitioner's claim fails the performance prong of Strickland, the motion is denied regardless of the outcome of a prejudice prong analysis. However, given that the Court's sentence was not reviewable on appeal, and, further, that Petitioner's appeal waiver was enforceable, he would not have been eligible for resentencing even if Ms. Wirth had continued to represent him on appeal. Thus, Petitioner suffered no prejudice from the filing of an Anders Brief in this case.

Petitioner's § 2255 motion is denied.

IT IS SO ORDERED.

Dated: New York, New York
March 6, 2007

_____
Robert P. Patterson, Jr.
U.S.D.J.

*Copies of this Opinion and Order Sent to:*

*Petitioner Pro Se:*
Rasheem Jackson
Reg. No. 51568-054
U.S.P. Allenwood
Post Office Box 3000
White Deer, PA 17887

*Respondent:*

8

Michael J. Garcia, United States Attorney
Southern District of New York
One St. Andrew's Plaza
New York, NY 10007
Attn:  Rua M. Kelly
Tel:     212-637-2471